FILED & JUDGMENT ENTERED
Christine F. Ramsey

July 24 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- Capstone Partners
- Capstone Corporate Finance LLC
- Angle Advisors, LLC
- Fabri-Form Holdings, LLC
- Orbis Corporation

- Menasha Corporation
- David B. Niederst

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**