UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF ISSUANCE OF SUBPOENA**

NOW COMES Cole Hayes, Chapter 7 Trustee ("Trustee") for the above-captioned Debtor, through counsel, and provides notice under Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, that the attached Subpoena(s) will be served on the Parties indicated.

This the 27th day of August 2026.

/s/ *Lance P. Martin*
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Cole Hayes, Esq., Chapter 7 Trustee*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Duramax Holdings LLC d/b/a Otto Environmental Systems
Debtor

(Complete if issued in an adversary proceeding)

Case No. 26-30653

Chapter 7

_______________
Plaintiff
v.
_______________
Defendant

Adv. Proc. No. _______________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Bober Markey Fedorovich, Attn: Legal Compliance
3421 Ridgewood Road, Suite 300, Akron, OH 44333
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ward and Smith, P.A.<br>751 Corporate Center Drive, Suite 300<br>Raleigh, NC 27607 | September 18, 2026, 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/27/2026 | 11:59:50 EDT

CLERK OF COURT

_______________
*Signature of Clerk or Deputy Clerk*

OR

DocuSigned by:
Lance P. Martin
E2FFF549898E4B1...
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Cole Hayes, Chapter 7 Trustee , who issues or requests this subpoena, are:
Lance P. Martin, Esq., Ward and Smith, P.A., Post Office Box 2020, Asheville, NC 28802, lpm@wardandsmith.com, 828-348-6070

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A TO SUBPOENA**
**DOCUMENTS AND CATEGORIES OF DOCUMENTS**

Please produce all Documents or tangible things responsive to the requests listed below at the location, and by the date and time, listed on the face of the Subpoena. In lieu of physical production, You may (1) deliver electronic copies of all responsive Documents by email to lpm@wardandsmith.com, or (2) by cloud-based, file-hosting service (e.g., Dropbox). We can provide a file-hosting portal for your convenience. In responding to this Subpoena, please furnish all information available to You or subject to reasonable inquiry by You, including, but not limited to, information in Your possession, the possession of other persons directly or indirectly employed by You, or anyone else otherwise subject to Your control.

DEFINITIONS

A. The terms "You," "Your," and "Bober" shall mean and refer to the party to whom the Subpoena is directed being Bober Markey Fedorovich, Your employees, agents, representatives, other persons authorized or purporting to act for and on Your behalf, such as accountants or service providers, who are employed by You or otherwise under Your control or direction.

B. The terms "Debtor," "Duramax Holdings," and "Otto" shall mean and refer to (i) the Debtor, Duramax Holdings LLC, Otto Environmental Systems, Duramax Holdings LLC d/b/a Otto Environmental Systems, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on behalf of the Debtor.

C. The term "Formex" shall mean and refer to (i) Formex Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

D. The term "Duramax Solutions" shall mean and refer to (i) Duramax Solutions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

E. The term "AMD" shall mean and refer to (i) AMD Plastics, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

F. The term "Form Tech" shall mean and refer to (i) Forming Technologies, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

G. The term "Muskie" shall mean and refer to (i) Muskie Holdings, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

H. The term "DLB" shall mean and refer to (i) DLB Custom Extrusions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

I. The term "MRF" shall mean and refer to (i) MRF Street Capital LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

J. The term "Parties" shall mean and refer to (i) each of You, Duramax Holdings, Otto, Formex, Duramax Solutions, AMD, Form Tech, Muskie, DLB, MRF, and any other related or associated entities, (ii) any successors-in-interest, assigns, or entities operating under the trade names of any of the foregoing, and (iii) all respective employees, agents, representatives, and other persons authorized or purporting to act for and on any or all of the Parties' behalf, including, without limitation, Brian F. Coll, Andrew Charron, Ray Kruczek, Christa Rendino, and Shawn McNeil.

K. The term "Documents" shall mean and refer to the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, telegram, e-mail (or other electronic communication), electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which You have access or of which You are aware.

L. Plural words include the singular equivalent, and singular words include the plural equivalent.

M. The term "and" includes the disjunctive "or", and "or" includes the conjunction "and."

REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce all Documents, materials, or other things responsive to the below categories from January 1, 2021, to the present:

1. Your complete file and all communications, documents, audit reports and other reports, notes, lists, work papers, and drafts and final financial statements related to services provided to Duramax Holdings, Duramax Solutions, AMD, Form Tech, and DLB.

2. All communications and Documents exchanged between you and any employee, officer, manager, or member of Duramax Holdings, Duramax Solutions, AMD, Form Tech, and DLB.

3. All communications and Documents exchanged between you and Huntington Bank related to Duramax Holdings, Duramax Solutions, AMD, Form Tech, and DLB.

4. All communications and Documents exchanged between you and Capstone Partners related to Duramax Holdings, Duramax Solutions, AMD, Form Tech, and DLB.

5. All communications and Documents exchanged between you and Callodine Commercial Finance related to Duramax Holdings, Duramax Solutions, AMD, Form Tech, and DLB.

6. All communications and Documents exchanged between you and anyone acting on behalf of Formex, MRF, or Muskie.

FILED & JUDGMENT ENTERED
Christine F. Ramsey

August 25 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- PNC Bank, N.A.
- Silverman Consulting
- Old National Bank
- Bober Markey Fedorovich

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting

entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: _____________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Duramax Holdings LLC d/b/a Otto Environmental Systems
Debtor

(Complete if issued in an adversary proceeding)

Case No. 26-30653

Chapter 7

Plaintiff
v.

Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Old National Bank, N.A., Attn: Legal Compliance
1 Main Street, Evansville, IN 47708
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ward and Smith, P.A.<br>751 Corporate Center Drive, Suite 300<br>Raleigh, NC 27607 | September 18, 2026, 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/27/2026 | 11:59:50 EDT

CLERK OF COURT

________________________
*Signature of Clerk or Deputy Clerk*

OR

DocuSigned by:
Lance P. Martin
E2FFF549898E4B1...
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Cole Hayes, Chapter 7 Trustee , who issues or requests this subpoena, are:

Lance P. Martin, Esq., Ward and Smith, P.A., Post Office Box 2020, Asheville, NC 28802, lpm@wardandsmith.com, 828-348-6070

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A TO SUBPOENA**
**DOCUMENTS AND CATEGORIES OF DOCUMENTS**

Please produce all Documents or tangible things responsive to the requests listed below at the location, and by the date and time, listed on the face of the Subpoena. In lieu of physical production, You may (1) deliver electronic copies of all responsive Documents by email to lpm@wardandsmith.com, or (2) by cloud-based, file-hosting service (e.g., Dropbox). We can provide a file-hosting portal for your convenience. In responding to this Subpoena, please furnish all information available to You or subject to reasonable inquiry by You, including, but not limited to, information in Your possession, the possession of other persons directly or indirectly employed by You, or anyone else otherwise subject to Your control.

DEFINITIONS

A. The terms "You," "Your," and "Old National" shall mean and refer to the party to whom the Subpoena is directed being Old National Bank, Your employees, agents, representatives, other persons authorized or purporting to act for and on Your behalf, such as accountants or service providers, who are employed by You or otherwise under Your control or direction.

B. The terms "Debtor," "Duramax Holdings," and "Otto" shall mean and refer to (i) the Debtor, Duramax Holdings LLC, Otto Environmental Systems, Duramax Holdings LLC d/b/a Otto Environmental Systems, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on behalf of the Debtor.

C. The term "Formex" shall mean and refer to (i) Formex Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

D. The term "Fabri-Form" shall mean and refer to (i) Fabri-Form Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

E. The term "Duramax Solutions" shall mean and refer to (i) Duramax Solutions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

F. The term "AMD" shall mean and refer to (i) AMD Plastics, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

G. The term "Form Tech" shall mean and refer to (i) Forming Technologies, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

H. The term "Muskie" shall mean and refer to (i) Muskie Holdings, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

I. The term "DLB" shall mean and refer to (i) DLB Custom Extrusions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

J. The term "MRF" shall mean and refer to (i) MRF Street Capital LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

K. The term "Parties" shall mean and refer to (i) each of You, Duramax Holdings, Otto, Formex, Duramax Solutions, AMD, Form Tech, Muskie, DLB, MRF, and any other related or associated entities, (ii) any successors-in-interest, assigns, or entities operating under the trade names of any of the foregoing, and (iii) all respective employees, agents, representatives, and other persons authorized or purporting to act for and on any or all of the Parties' behalf, including, without limitation, Brian F. Coll, Andrew Charron, Ray Kruczek, Christa Rendino, and Shawn McNeil.

L. The term "Documents" shall mean and refer to the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, telegram, e-mail (or other electronic communication), electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which You have access or of which You are aware.

M. Plural words include the singular equivalent, and singular words include the plural equivalent.

N. The term "and" includes the disjunctive "or", and "or" includes the conjunction "and."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce all Documents, materials, or other things responsive to the below categories:

1. From date of opening to the present or date of closing, all account-opening documentation, signature cards, account statements, check images, and account-closing documentation for bank accounts in the name of or for the benefit of the Parties as defined above -- Duramax Holdings, Otto, Duramax Solutions, Formex, Fabri-Form, Form Tech, Muskie, DLB, MRF, and AMD, as well as Brian F. Coll, including, but not limited to, the following:

    a. Account ending 3075
    b. Account ending 2057

FILED & JUDGMENT ENTERED
Christine F. Ramsey

August 25 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- PNC Bank, N.A.
- Silverman Consulting
- Old National Bank
- Bober Markey Fedorovich

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting

entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) ____________________ ; or

☐ I returned the subpoena unexecuted because: ______________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Duramax Holdings LLC d/b/a Otto Environmental Systems
Debtor

(Complete if issued in an adversary proceeding)

Case No. 26-30653

Chapter 7

_______________
Plaintiff
v.
_______________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: PNC Bank, N.A., Attn: Legal Compliance
222 Delaware Avenue, Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ward and Smith, P.A.<br>751 Corporate Center Drive, Suite 300<br>Raleigh, NC 27607 | September 18, 2026, 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/27/2026 | 11:59:50 EDT

CLERK OF COURT

_______________ OR DocuSigned by: Lance P. Martin
E2FFF549898E4B1...

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Cole Hayes, Chapter 7 Trustee , who issues or requests this subpoena, are:
Lance P. Martin, Esq., Ward and Smith, P.A., Post Office Box 2020, Asheville, NC 28802, lpm@wardandsmith.com, 828-348-6070

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A TO SUBPOENA**
**DOCUMENTS AND CATEGORIES OF DOCUMENTS**

Please produce all Documents or tangible things responsive to the requests listed below at the location, and by the date and time, listed on the face of the Subpoena. In lieu of physical production, You may (1) deliver electronic copies of all responsive Documents by email to lpm@wardandsmith.com, or (2) by cloud-based, file-hosting service (e.g., Dropbox). We can provide a file-hosting portal for your convenience. In responding to this Subpoena, please furnish all information available to You or subject to reasonable inquiry by You, including, but not limited to, information in Your possession, the possession of other persons directly or indirectly employed by You, or anyone else otherwise subject to Your control.

DEFINITIONS

A. The terms "You," "Your," and "PNC" shall mean and refer to the party to whom the Subpoena is directed being PNC Bank, N.A., Your employees, agents, representatives, other persons authorized or purporting to act for and on Your behalf, such as accountants or service providers, who are employed by You or otherwise under Your control or direction.

B. The terms "Debtor," "Duramax Holdings," and "Otto" shall mean and refer to (i) the Debtor, Duramax Holdings LLC, Otto Environmental Systems, Duramax Holdings LLC d/b/a Otto Environmental Systems, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on behalf of the Debtor.

C. The term "Formex" shall mean and refer to (i) Formex Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

D. The term "Fabri-Form" shall mean and refer to (i) Fabri-Form Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

E. The term "Duramax Solutions" shall mean and refer to (i) Duramax Solutions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

F. The term "AMD" shall mean and refer to (i) AMD Plastics, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

G. The term "Form Tech" shall mean and refer to (i) Forming Technologies, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

H. The term "Muskie" shall mean and refer to (i) Muskie Holdings, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

I. The term "DLB" shall mean and refer to (i) DLB Custom Extrusions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

J. The term "MRF" shall mean and refer to (i) MRF Street Capital LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

K. The term "Parties" shall mean and refer to (i) each of You, Duramax Holdings, Otto, Formex, Duramax Solutions, AMD, Form Tech, Muskie, DLB, MRF, and any other related or associated entities, (ii) any successors-in-interest, assigns, or entities operating under the trade names of any of the foregoing, and (iii) all respective employees, agents, representatives, and other persons authorized or purporting to act for and on any or all of the Parties' behalf, including, without limitation, Brian F. Coll, Andrew Charron, Ray Kruczek, Christa Rendino, and Shawn McNeil.

L. The term "Documents" shall mean and refer to the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, telegram, e-mail (or other electronic communication), electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which You have access or of which You are aware.

M. Plural words include the singular equivalent, and singular words include the plural equivalent.

N. The term "and" includes the disjunctive "or", and "or" includes the conjunction "and."

REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce all Documents, materials, or other things responsive to the below categories:

1. From date of opening to the present or date of closing, all account-opening documentation, signature cards, account statements, check images, and account-closing documentation for bank accounts in the name of or for the benefit of the Parties as defined above -- Duramax Holdings, Otto, Duramax Solutions, Formex, Fabri-Form, Form Tech, Muskie, DLB, MRF, and AMD, as well as Brian F. Coll, including, but not limited to, the following:

a. Account ending 9914
b. Account ending 9922
c. Account ending 9949
d. Account ending 9957
e. Account ending 9981
f. Account ending 2368

FILED & JUDGMENT ENTERED
Christine F. Ramsey

August 25 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>Duramax Holdings LLC<br>d/b/a Otto Environmental Systems,<br><br>Debtor. | Case No.: 26-30653<br>Chapter 7 |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- PNC Bank, N.A.
- Silverman Consulting
- Old National Bank
- Bober Markey Fedorovich

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting

Case 26-30653 Doc 73 Filed 08/25/26 Entered 08/25/26 12:12:14 Desc Main
Document Page 3 of 3

entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: _____________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Duramax Holdings LLC d/b/a Otto Environmental Systems
Debtor

(*Complete if issued in an adversary proceeding*)

Case No. 26-30653

Chapter 7

_______________________
Plaintiff
v.
_______________________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Silverman Consulting, Attn: Legal Compliance
1 North Wacker Drive, Suite 3925, Chicago, IL 60606
(*Name of person to whom the subpoena is directed*)

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ward and Smith, P.A.<br>751 Corporate Center Drive, Suite 300<br>Raleigh, NC 27607 | September 18, 2026, 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/27/2026 | 11:59:50 EDT

CLERK OF COURT

_______________________ OR DocuSigned by: Lance P. Martin E2FFF549898E4B1...

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Cole Hayes, Chapter 7 Trustee , who issues or requests this subpoena, are:
Lance P. Martin, Esq., Ward and Smith, P.A., Post Office Box 2020, Asheville, NC 28802, lpm@wardandsmith.com, 828-348-6070

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A TO SUBPOENA**
**DOCUMENTS AND CATEGORIES OF DOCUMENTS**

Please produce all Documents or tangible things responsive to the requests listed below at the location, and by the date and time, listed on the face of the Subpoena. In lieu of physical production, You may (1) deliver electronic copies of all responsive Documents by email to lpm@wardandsmith.com, or (2) by cloud-based, file-hosting service (e.g., Dropbox). We can provide a file-hosting portal for your convenience. In responding to this Subpoena, please furnish all information available to You or subject to reasonable inquiry by You, including, but not limited to, information in Your possession, the possession of other persons directly or indirectly employed by You, or anyone else otherwise subject to Your control.

DEFINITIONS

A. The terms "You," "Your," and "Silverman Consulting" shall mean and refer to the party to whom the Subpoena is directed being Silverman Consulting, Your employees, agents, representatives, other persons authorized or purporting to act for and on Your behalf, such as accountants or service providers, who are employed by You or otherwise under Your control or direction.

B. The terms "Debtor," "Duramax Holdings," and "Otto" shall mean and refer to (i) the Debtor, Duramax Holdings LLC, Otto Environmental Systems, Duramax Holdings LLC d/b/a Otto Environmental Systems, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on behalf of the Debtor.

C. The term "Formex" shall mean and refer to (i) Formex Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

D. The term "Fabri-Form" shall mean and refer to (i) Fabri-Form Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

E. The term "Duramax Solutions" shall mean and refer to (i) Duramax Solutions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

F. The term "AMD" shall mean and refer to (i) AMD Plastics, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

G. The term "Form Tech" shall mean and refer to (i) Forming Technologies, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

H. The term "Muskie" shall mean and refer to (i) Muskie Holdings, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

I. The term "DLB" shall mean and refer to (i) DLB Custom Extrusions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

J. The term "MRF" shall mean and refer to (i) MRF Street Capital LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

K. The term "Parties" shall mean and refer to (i) each of You, Duramax Holdings, Otto, Formex, Duramax Solutions, AMD, Form Tech, Muskie, DLB, MRF, and any other related or associated entities, (ii) any successors-in-interest, assigns, or entities operating under the trade names of any of the foregoing, and (iii) all respective employees, agents, representatives, and other persons authorized or purporting to act for and on any or all of the Parties' behalf, including, without limitation, Brian F. Coll, Andrew Charron, Ray Kruczek, Christa Rendino, and Shawn McNeil.

L. The term "Documents" shall mean and refer to the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, telegram, e-mail (or other electronic communication), electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which You have access or of which You are aware.

M. Plural words include the singular equivalent, and singular words include the plural equivalent.

N. The term "and" includes the disjunctive "or", and "or" includes the conjunction "and."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce all Documents, materials, or other things responsive to the below categories from January 1, 2026, to the present:

1. All engagement or retention agreements between you and Formex, Fabri-Form, Muskie, and MRF.

2. Your complete file and all communications, documents, audit reports and other reports, notes, lists, work papers, proformas, projections, appraisals, inventories, and draft and final financial statements related to services provided to Formex, Fabri-Form, Muskie, and MRF.

3. All communications and Documents exchanged between you and any employee, officer, manager, or member of Formex, Fabri-Form, Muskie, and MRF.

4. All communications and Documents exchanged between you and Robert Farber or anyone at James Street Capital Holdings.

5. All communications and Documents exchanged between you and Callodine Commercial Finance related to Formex, Fabri-Form, Muskie, and MRF.

6. All communications and Documents exchanged between you and anyone interested in acquiring some or all of the assets of Formex, Fabri-Form, MRF, or Muskie.

FILED & JUDGMENT ENTERED
Christine F. Ramsey

August 25 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- PNC Bank, N.A.
- Silverman Consulting
- Old National Bank
- Bober Markey Fedorovich

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting

Docusign Envelope ID: 1706FDCC-D683-81EC-8161-9C404AC43C14


entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) ____________________ ; or

☐ I returned the subpoena unexecuted because: ______________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

CERTIFICATE OF SERVICE

I certify that the foregoing NOTICE OF ISSUANCE OF SUBPOENA was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid:

Duramax Holding LLC
d/b/a Otto Environmental Systems
12700 General Drive
Charlotte, NC 28273
*Debtor*
*Served via U.S. Mail*

Cole Hayes, Esq.
601 S. Kings Drive, Suite F PMB #411
Charlotte, NC 28204
*Chapter 7 Trustee*
*Served via CM/ECF*

Shelley K. Abel, Esq.
U.S. Bankruptcy Administrator
401 West Trade Street, Suite 2400
Charlotte, NC 28202
*Served via CM/ECF*

William L. Esser, IV, Esq.
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
*Counsel for Petitioning Creditors*
*Served via CM/ECF*

Charles M. Ivey, III, Esq.
Ivey, McClellan, Siegmund,
Brumbaugh & McDonough, LLP
Post Office Box 3324
Greensboro, NC 27402
*Counsel for Formex Holdings, LLC*

PNC Bank, N.A.
Attn: Legal Compliance
222 Delaware Avenue
Wilmington, DE 19801
*Served via U.S. Mail*

Silverman Consulting
Attn: Legal Compliance
1 North Wacker Drive, Suite 3925
Chicago, IL 60606
*Served via U.S. Mail*

Old National Bank
Attn: Legal Compliance
1 Main Street
Evansville, IN 47708
*Served via U.S. Mail*

Bober Markey Fedorovich
Attn: Legal Compliance
3421 Ridgewood Road, Suite 300
Akron, OH 44333
*Served via U.S. Mail*

This the 27th day of August 2026.

/s/ *Lance P. Martin*
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Cole Hayes, Esq., Chapter 7 Trustee*