UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**MOTION TO HOLD DAVID B. NIEDERST IN CONTEMPT AND COMPEL PRODUCTION OF DOCUMENTS**

NOW COMES Cole Hayes, Court-appointed Trustee ("Trustee"), through counsel, and moves the Court under Rule 45 of the Federal Rules of Civil Procedure, made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, to hold David B. Niederst ("Niederst") in contempt under Rule 45(g) for failing to respond to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case issued to Niederst on July 24, 2026 ("Subpoena"). Additionally, Trustee requests an order compelling Niederst to respond the Subpoena. In support of this Motion, the Trustee states:

1. On May 11, 2026 ("Petition Date"), an Involuntary Petition under Chapter 7 of the United States Bankruptcy Code was filed against Duramax Holdings LLC d/b/a Otto Environmental System.

2. On June 9, 2026, the Order for Relief [DE 12] was entered, appointing Trustee as the interim trustee.

3. On June 15, 2026, this Court entered an Order allowing the Trustee to Employ Ward and Smith, P.A. as Litigation Counsel [DE 17].

4. On July 23, 2026, a Motion by Trustee for Ex Parte Order Allowing Rule 2004 Production of Documents was filed to issue subpoenas directed to several entities and individuals, including Niederst [DE 34] ("Motion").

5. The Court entered the Order granting the Motion on July 24, 2026 [DE 35] ("Order").

6. Pursuant to the Order, Trustee's counsel issued the Subpoena to Niederst, a copy of which is attached as **Exhibit A**.

7. The Subpoena was served via the United States Postal Service, Certified Mail, Return Receipt Requested ("Certified Mail") addressed to David B. Niederst, 22200 Lake Road, Rocky River, OH 44116, as well as by electronic mail ("email") to dbniederst@nmresidential.com.

8. Niederst was served the Subpoena by email on July 24, 2026, as evidenced by the email attached as **Exhibit B**. The email was not returned undeliverable.

9. Niederst was also served by Certified Mail on July 31, 2026, as evidenced by the delivery receipt attached as **Exhibit C**.

10. The production deadline for the Subpoena has passed and Niederst has not produced any documents.

11. Counsel for Trustee spoke with Niederst and reiterated to him obligation to comply with the Subpoena.

12. Niederst has not served the Trustee with any objections under Rule 45(d)(2)(B).

13. Niederst has not moved to quash or modify its Subpoena under Rule 45(d)(3).

14. This Motion is filed for good cause. The Subpoena is past due. Niederst's conduct has left Trustee with the unnecessary burden of filing this Motion and noticing it for hearing.

15. Trustee needs the requested information to fulfill his obligation to investigate and pursue information related to the Debtor's acts, conduct, or property, the Debtor's liabilities and financial condition, or to any matter which may affect the administration of the Debtor's estate as well as any Chapter 5 Causes of Action, breach of duty claims, and any other state or federal law claims against affiliated or related entities, insiders, directors, and officers of the Debtor.

16. In accordance with Rule 45(g), the Court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.

17. Trustee requests that the Court enter an order holding Niederst in contempt and compelling Niederst to respond to the Subpoena and pay Trustee's reasonable expenses incurred in making this Motion, including attorneys' fees.

WHEREFORE, the Trustee respectfully requests that the Court enter an order holding Niederst in contempt and compelling Niederst to produce the documents sought in the Subpoena within 7 days of entry of the order, along with reasonable expenses and attorney's fees, and that the Court grant such other and further relief as is just and proper.

This the 27th day of August 2026.

/s/ *Lance P. Martin*
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Cole Hayes, Esq., Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re:<br><br>Duramax Holdings LLC<br>d/b/a Otto Environmental Systems,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No.: 26-30653<br>Chapter 7 |

**NOTICE OF HEARING**

Cole Hayes, Court-appointed Trustee ("Trustee"), through counsel, has filed the Motion to Hold David B. Niederst in Contempt and Compel Production of Documents ("Motion").

PLEASE TAKE NOTICE THAT a hearing will be held on the Motion before the Honorable Ashley Austin Edwards at the United States Bankruptcy Court, 401 West Trade Street, Courtroom 2B, Charlotte, North Carolina on **September 24, 2026, 9:30 a.m.**

PLEASE TAKE NOTICE that the Court may grant the relief requested in the Motion at said hearing. No further notice will be given.

This the 27th day of August 2026.

/s/ *Lance P. Martin*
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Cole Hayes, Esq., Trustee*

## CERTIFICATE OF SERVICE

I certify that the foregoing MOTION TO HOLD DAVID B. NIEDERST IN CONTEMPT AND COMPEL PRODUCTION OF DOCUMENTS was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served by email and by depositing a copy thereof in the United States mail, postage pre-paid as indicated:

Duramax Holding LLC
d/b/a Otto Environmental Systems
12700 General Drive
Charlotte, NC 28273
*Debtor*
*Served via U.S. Mail*

Cole Hayes, Esq.
601 S. Kings Drive, Suite F PMB #411
Charlotte, NC 28204
*Chapter 7 Trustee*
*Served via CM/ECF*

Shelley K. Abel, Esq.
U.S. Bankruptcy Administrator
401 West Trade Street, Suite 2400
Charlotte, NC 28202
*Served via CM/ECF*

William L. Esser, IV, Esq.
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
*Counsel for Petitioning Creditors*
*Served via CM/ECF*

Charles M. Ivey, III, Esq.
Ivey, McClellan, Siegmund,
Brumbaugh & McDonough, LLP
Post Office Box 3324
Greensboro, NC 27402
*Counsel for Formex Holdings, LLC*

David B. Niederst
22200 Lake Road
Rocky River, OH 44116
dbniederst@nmresidential.com
*Served via Email and U.S. Mail*

This the 27th day of August 2026.

/s/ *Lance P. Martin*
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Cole Hayes, Esq., Trustee*

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Duramax Holdings LLC d/b/a Otto Environmental Systems
Debtor

(Complete if issued in an adversary proceeding)

Case No. 26-30653

Chapter 7

__________
Plaintiff
v.
__________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: David B. Niederst
22200 Lake Road, Rocky River, OH 44116, dbniederst@nmresidential.com
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ward and Smith, P.A.<br>751 Corporate Center Drive, Suite 300<br>Raleigh, NC 27607 | August 19, 2026, 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/24/2026 | 14:29:41 EDT

CLERK OF COURT

__________
*Signature of Clerk or Deputy Clerk*

OR

DocuSigned by:
Lance P. Martin
E2FFF549898E4B1...
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Cole Hayes, Chapter 7 Trustee , who issues or requests this subpoena, are:
Lance P. Martin, Esq., Ward and Smith, P.A., Post Office Box 2020, Asheville, NC 28802, lpm@wardandsmith.com, 828-348-6070

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A TO SUBPOENA
# DOCUMENTS AND CATEGORIES OF DOCUMENTS

Please produce all Documents or tangible things responsive to the requests listed below at the location, and by the date and time, listed on the face of the Subpoena. In lieu of physical production, You may (1) deliver electronic copies of all responsive Documents by email to lpm@wardandsmith.com, or (2) by cloud-based, file-hosting service (e.g., Dropbox). We can provide a file-hosting portal for your convenience. In responding to this Subpoena, please furnish all information available to You or subject to reasonable inquiry by You, including, but not limited to, information in Your possession, the possession of other persons directly or indirectly employed by You, or anyone else otherwise subject to Your control.

## DEFINITIONS

A. The terms "You," "Your," and "Niederst" shall mean and refer to the party to whom the Subpoena is directed being David B. Niederst, Your employees, agents, representatives, other persons authorized or purporting to act for and on Your behalf, such as accountants or service providers, who are employed by You or otherwise under Your control or direction.

B. The terms "Debtor," "Duramax Holdings," and "Otto" shall mean and refer to (i) the Debtor, Duramax Holdings LLC, Otto Environmental Systems, Duramax Holdings LLC d/b/a Otto Environmental Systems, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on behalf of the Debtor.

C. The term "Formex" shall mean and refer to (i) Formex Holdings LLC, and to (ii) all employees, agents, representatives, other persons authorized or purporting to act for and on its behalf.

D. The term "Duramax Solutions" shall mean and refer to (i) Duramax Solutions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

E. The term "AMD" shall mean and refer to (i) AMD Plastics, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

F. The term "Form Tech" shall mean and refer to (i) Forming Technologies, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

G. The term "Muskie" shall mean and refer to (i) Muskie Holdings, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

H. The term "DLB" shall mean and refer to (i) DLB Custom Extrusions, LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

I. The term "MRF" shall mean and refer to (i) MRF Street Capital LLC, and to (ii) all employees, agents, representatives, and other persons authorized or purporting to act for and on its behalf.

J. The term "Parties" shall mean and refer to (i) each of You, Duramax Holdings, Otto, Formex, Duramax Solutions, AMD, Form Tech, Muskie, DLB, MRF, and any other related or associated entities, (ii) any successors-in-interest, assigns, or entities operating under the trade names of any of the foregoing, and (iii) all respective employees, agents, representatives, and other persons authorized or purporting to act for and on any or all of the Parties' behalf, including, without limitation, Brian F. Coll, Andrew Charron, Ray Kruczek, Christa Rendino, and Shawn McNeil.

K. The term "Documents" shall mean and refer to the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, telegram, e-mail (or other electronic communication), electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which You have access or of which You are aware.

L. Plural words include the singular equivalent, and singular words include the plural equivalent.

M. The term "and" includes the disjunctive "or", and "or" includes the conjunction "and."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce all Documents, materials, or other things responsive to the below categories from January 1, 2024, to the present:

1. Documents relating to all pending or resolved litigation between you and the Debtor, Brian Coll, Lance Polen, Formex, Duramax Solutions, AMD, Form Tech, Muskie, or DLB.

2. Any appraisals or business valuations of Duramax from 2024-2025.

3. Any correspondence or documents related to the failed sale to Orbis Corporation in 2025.

4. Any correspondence or documents related to the sale to the Formex entities in 2026.

5. Documents related to the assets of the Debtor in 2025-2026.

6. Corporate documents (e.g., operating agreements, amendments, minutes, resolutions) of the Debtor and its related entities and affiliates.

7. Documents related to all investors in the Debtor and their capital contributions.

8. Correspondence and documents related to any offers to purchase your membership interest in the Debtor and its related entities and affiliates.

FILED & JUDGMENT ENTERED
Christine F. Ramsey

July 24 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION BY TRUSTEE FOR EX PARTE ORDER ALLOWING RULE 2004 PRODUCTION OF DOCUMENTS**

THIS MATTER comes on for review of the Motion of Cole Hayes, Court-appointed Trustee of the above-captioned bankruptcy estate ("Trustee"), for an *ex parte* order allowing Rule 2004 production of documents (the "Motion"). In the Motion, the Trustee seeks an order under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(d) directing the following individuals and entities (each a "Rule 2004 Respondent" and collectively the "Rule 2004 Respondents") to produce certain documents and electronically-stored information:

- Capstone Partners
- Capstone Corporate Finance LLC
- Angle Advisors, LLC
- Fabri-Form Holdings, LLC
- Orbis Corporation

- Menasha Corporation
- David B. Niederst

Having considered the Motion, the Court finds, concludes, and orders as follows

1. The Motion is granted.

2. The Trustee may request documents from the Rule 2004 Respondents to investigate (i) the acts, conduct, property, liabilities, and financial condition of the Debtor and (ii) any other matter within the scope of Federal Rule of Bankruptcy Procedure 2004.

3. Any document subpoenas issued in connection with this Order will provide the Rule 2004 Respondents at least 21 days to produce any responsive documents, pursuant to Local Rule 2004-1(c), such production to be pursuant to Federal Rule of Civil Procedure 45, as made applicable under Bankruptcy Rule 9016, including all rights, claims, defenses, and protections afforded thereunder.

4. This Order is entered without prejudice to the right of any of the Rule 2004 Respondents to file an objection to some or all of the information requested in a document subpoena. If a Rule 2004 Respondent objects to a document subpoena, it must file an objection within 14 days from the date the Trustee serves a copy of the document subpoena on it by first-class mail.

5. If an objection is timely filed by a Rule 2004 Respondent, the Trustee will be allowed 14 days from the date of the objection to file a response.

6. To the extent a Rule 2004 Respondent files an objection as provided in paragraph 4 above, the time to respond to the subpoena for the objecting entity is extended until the disposition of the objection by the Court only with respect to the portion of the request(s) to which specific objection has been lodged; provided however, that the objecting Rule 2004 Respondent shall fully and completely respond within the time provided under paragraph 3 above to any specific request to which an objection is not timely filed and must similarly timely respond to the portion of any request to which the affected Rule 2004 Respondent does not timely object.

**SO ORDERED.**

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: _____________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT B

**Joanne L. Ayscue**

| | |
|---|---|
| **From:** | Joanne L. Ayscue |
| **Sent:** | Friday, July 24, 2026 3:12 PM |
| **To:** | dbniederst@nmresidential.com |
| **Cc:** | Lance P. Martin |
| **Subject:** | Subpoena - In re: Duramax Holdings LLC d/b/a Otto Environmental Systems - Case No. 26-30653 (WDNC) |
| **Attachments:** | 2026.07.24 Notice of Issuance of Subpoena.pdf; 2026.07.24 Subpoena Service ltr.pdf; 2026.07.24 Niederst Subpoena.pdf |

Mr. Niederst,

Attached for email service is a Subpoena to Produce Documents in the above-referenced matter. I have also attached a cover letter from Mr. Martin as well as the Notice of Issuance of Subpoenas. These documents are also being served by U.S. Mail, regular and certified.

**Joanne L. Ayscue**
North Carolina State Bar Certified Paralegal

**Ward and Smith, P.A.**
751 Corporate Center Drive, Suite 300 (27607)
Post Office Box 33009 | Raleigh, NC 27636-3009
P: 919.277.9270 | F: 919.277.9177
www.wardandsmith.com

If you have received this confidential message in error, please destroy it and any attachments without reading, printing, copying or forwarding it. Please let us know of the error immediately so that we can prevent it from happening again. You may reply directly to the sender of this message. Neither the name of Ward and Smith, P.A. or its representative, nor transmission of this email from Ward and Smith, P.A., shall be considered an electronic signature unless specifically stated otherwise in this email by a licensed attorney employed by Ward and Smith, P.A. Thank you.

# EXHIBIT C

UNITED STATES
POSTAL SERVICE™

Mailer: Ward & Smith PA

Date Produced: 08/03/2026

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8335 4707 36. Our records indicate that this item was delivered on 07/31/2026 at 10:15 a.m. in ROCKY RIVER, OH 44116. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient : 22200 LAKE RD, ROCKY RIVER, OH 44116

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

DAVID B. NIEDERST
22200 LAKE ROAD
ROCKY RIVER, OH 44116

Customer Reference Number: C7026642.43073982

Client-Matter ID 231278-00058

UNITED STATES POSTAL SERVICE ®

**Return address:**

WARD AND SMITH, P.A.
POST OFFICE BOX 33009
RALEIGH NC 27636-3009

**Recipient address:**

DAVID B. NIEDERST
22200 LAKE ROAD
ROCKY RIVER, OH 44116

MAILING DATE: 07/24/2026
DELIVERY DATE: 07/31/2026

USPS CERTIFIED MAIL

9236 0901 9403 8335 4707 36

**USPS Tracking Label Number: 9236 0901 9403 8335 4707 36**

| USPS Tracking History | Location | Date / Time |
| --- | --- | --- |
| PRE-SHIPMENT INFO SENT USPS AWAITS ITEM | RALEIGH,NC 27617 | 07/24/2026 15:10 |
| SHIPMENT RECEIVED ACCEPTANCE PENDING | CARY,NC 27519 | 07/24/2026 16:44 |
| ORIGIN ACCEPTANCE | RALEIGH,NC 27617 | 07/27/2026 12:17 |
| PROCESSED THROUGH USPS FACILITY | GREENSBORO NC DISTRIBUTION CENT 27498 | 07/27/2026 13:32 |
| PRE-SHIPMENT INFO SENT USPS AWAITS ITEM | RALEIGH,NC 27617 | 07/29/2026 02:09 |
| PROCESSED THROUGH USPS FACILITY | CLEVELAND OH DISTRIBUTION CENTE 44181 | 07/29/2026 16:06 |
| NO AUTHORIZED RECIPIENT AVAILABLE | ROCKY RIVER,OH 44116 | 07/30/2026 11:12 |
| ARRIVAL AT UNIT | ROCKY RIVER,OH 44116 | 07/31/2026 07:57 |
| DELIVERED LEFT WITH INDIVIDUAL | ROCKY RIVER,OH 44116 | 07/31/2026 10:15 |

RETURN REFERENCE NUMBER: 1920/JLAYSCUE