FILED & JUDGMENT ENTERED
Christine F. Ramsey

September 1 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

UNITED STATES BANKRUPTCY COURT · WESTERN DISTRICT OF NORTH CAROLINA

Ashley Austin Edwards
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Duramax Holdings LLC | ) | Case No.: 26-30653 |
| d/b/a Otto Environmental Systems, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**CONSENT PROTECTIVE ORDER**

Cole Hayes, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Duramax Holdings LLC d/b/a Otto Environmental Systems ("Debtor"), and CRS Capstone Partners LLC ("Capstone"), through counsel, agree as follows:

1. **Scope**: This Consent Confidentiality Agreement and Protective Order ("Consent Protective Order") governs the handling and disclosure of all material produced, given, exchanged, or filed herein by any party in this matter and designated as "confidential material" or "confidential material – attorneys' eyes only."

2. **Definitions:** The term "Material" encompasses all documents, information contained in documents, other tangible items, testimony and exhibits, and any other written, recorded, electronic, transcribed information or material produced by any party or non-party or obtained by any party during the course of this action. "Material" shall also include any documents, information or tangible items identified or disclosed informally by the parties to each other in connection with the action. "Producing Party" means the person or entity producing such Material,

whether a party or a non-party to this action. "Inspecting Party" means the party receiving and reviewing such Material. Material designated as "Confidential," and any information derived from such Material, shall thereafter be referred to as "Confidential Material."

3. **Rights of Parties to Designate Material as Confidential**: Any party hereto producing or providing material in response to discovery or any other formal or informal request for material may mark or designate as "confidential" or "confidential – attorneys' eyes only" all or any part thereof containing sensitive financial, employment, or other sensitive information the producing party wishes to protect under this Consent Protective Order.

4. **Confidential Material**: "Confidential material" shall not include:

a. Any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Consent Protective Order or any other confidentiality agreement or obligation); or

b. Any information which is disclosed to any party in good faith by a third party not affiliated with or employed by any party, who has the legal right to make such disclosure; or

c. Any information for which any party by written agreement has authorized unrestricted use; or

If any portion of the information provided by any party falls within any one of the above-exceptions, the remainder shall continue to be "confidential material" subject to the restrictions of this Consent Protective Order.

5. **Procedure for Designation of Confidential Material**: The parties may make the designation "confidential material" in the following manner:

a. In the case of documents or other written materials, by affixing to the first page of each such document the word "confidential" or "confidential – attorneys' eyes only" by label, stamp, or other method which will make

that designation reasonably conspicuous, or by Bate stamping such documents with a log indicating which pages are "confidential" or "confidential – attorneys' eyes only";

b. In the case of video tapes, audio tapes, or other magnetic media, by affixing to the video tape, audio tape, or other magnetic media, or the case for said material, the word "confidential" or "confidential – attorneys' eyes only" by label, stamp, or other method which will make that designation reasonably conspicuous.

c. In the case of questions at a deposition containing material believed to contain confidential information, either by (1) designating the question asked or the testimony given, at the time asked and/or given, as confidential material, in which event the court reporter shall bind the "designated material" in a separate volume marked with the appropriate designation (if the confidential portion of a transcript cannot be conveniently segregated, then the entire transcript or pleading shall be deemed confidential), or (2) by giving notice in writing to the reporter or counsel of record for all parties within thirty (30) days after receipt of the transcript of the portions containing confidential material, in which event all counsel shall appropriately mark their copies of the transcript.

d. In the event that a party inadvertently fails to stamp or otherwise designate material as "confidential" or "confidential – attorneys' eyes only" at the time of its production, that party may thereafter so stamp or otherwise designate the material provided that the party gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated material was in the interim disclosed, shall diligently attempt to retrieve all copies of the material distributed to persons other than those identified under Paragraphs 6 and 7, below, and thereafter such material shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other party.

6. **Disclosure of Confidential Material**: Confidential Information furnished or disclosed in these proceedings by the Parties shall not be disclosed or re-disclosed to anyone other than those persons listed below:

a. the Court (including any appellate court) and its officers, court reporters, interpreters, and other Court personnel serving similar functions in this action;[1]

b. those attorneys, paralegals and staff of the Parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of these matters;

c. persons retained, or in good faith being considered for retention, with respect to this litigation by the respective Parties as independent experts and/or expert witnesses;

d. the Parties;

e. Deponents or witnesses, when testifying at a deposition or in court, and then only if such persons (i) have agreed in writing before such deposition or testimony to be subject to this order, or (ii) are ordered by the Bankruptcy Court to comply with the terms of this order;

f. Any court reporter (including the service, agency or company for which such court reporter works, a "Court Reporter") recording or transcribing any deposition or proceedings in this case, but only if such Court Reporter has agreed in writing before the beginning of a deposition to be subject to this order; and

g. other persons, as agreed to in writing or on the record by the producing party and all other Parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Information in order to prepare for the litigation.

---

[1] Notwithstanding the foregoing, the Court and its officers, court reporters, interpreters, and other Court personnel serving similar functions in this action shall have no liability under this Order and it is entered at the request of and for the benefit of the Parties only.

7. **Disclosure of "Confidential Material – Attorneys' Eyes Only"**: Any material thus identified as "confidential – attorneys' eyes only" shall be revealed only to the following persons, except upon further order of this Court:

a. Present and subsequent in-house and outside counsel for the parties, together with their paralegals and clerical employees; and,

b. Outside experts consulted or retained by counsel who have agreed in writing to be bound by the terms of this Consent Protective Order.

c. **Filing of Confidential Information**: Any and all documents to be filed with the Court that contain material designated as "confidential" or "confidential-attorneys' eyes only" or obtained from, calculated from, or contained in such confidential material, shall be filed or submitted under seal and shall remain sealed and subject to the terms of this Protective Order unless and until the Court issues an order to the contrary. Any Confidential Information that is filed in the Court's docket shall be: (i) redacted in any pleadings, motions, briefs, or other papers filed by the parties in this bankruptcy case, as limited to the portions of the filing that constitute Confidential Information; and (ii) served, in unredacted form, to chambers via electronic mail conspicuously stating that the production contains Confidential Information that is subject to this Order, with a copy to counsel for the Parties. This procedure is without prejudice to any Party's right to seek permission to file Confidential Information under seal. Motions seeking to file documents under seal, other than motions pursuant to Federal Rule of Bankruptcy Procedure 9037 and Local Rule 9037-1, shall be submitted pursuant to the procedures established by the applicable local rule (currently LCvR 6.1) of the United States District Court for the Western District of North Carolina and should satisfy the requirements of 11 U.S.C. § 107. The filing of material under seal pursuant to this Paragraph 7 is without prejudice to the parties' rights to oppose a designation of confidentiality as set forth in Paragraph 8, below.

8. **<u>Opposition to Confidentiality</u>**:

a. This Consent Protective Order shall be without prejudice to the right of any party to oppose production of any information on any grounds other than confidentiality or to bring before the Court at any time the question whether any particular information is or is not in fact of a confidential nature as contemplated by the provisions of this Consent Protective Order.

b. This Consent Protective Order is being entered, by consent of the parties, for the purpose of facilitating the exchange and handling of documents and information deemed by any party to be confidential or sensitive material. The designation of any material as "confidential material" or "confidential – attorneys' eyes only" by any party shall not constitute a finding or determination that such documents or information are confidential or trade secrets, and nothing in this Consent Protective Order constitutes such a finding or determination. Nothing in this Consent Protective Order shall prevent any party from contending, at any time during the progress of this action, that any or all such material is not confidential and properly subject to protection under the provisions of Rule 7026(c) of the Federal Rules of Bankruptcy Procedure. In this regard, any party may request any other party which has designated material as "confidential material" or "confidential – attorneys' eyes only" to remove the designation, and if the parties are unable to resolve a dispute over a designation, may move the Court for entry of an order declassifying any such material designated "confidential material" or "confidential – attorneys' eyes only." Unless and until such dispute is resolved by agreement or by the Court, the "confidential material" or "confidential – attorneys' eyes only" designation shall remain in force and effect. On such motion, the party seeking to preserve the designation "confidential material" or "confidential – attorneys' eyes only" shall have the burden of establishing that the material so designated is properly subject to protection under Rule 7026(c).

9. **<u>Continuing Effect</u>**: The restrictions set forth in this Consent Protective Order on the use and disclosure of "confidential material" will continue

during any trial or hearing of this action until completion of this action and disposition in accordance with Paragraph 10 of this Consent Protective Order; provided, however, that use and disclosure of such "confidential material" during any such trial or during any hearing shall be subject to such protection as the Court shall determine is warranted and appropriate at the time of trial or hearing. The termination of this action shall not thereafter relieve any person to whom confidential information and/or confidential material was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

10. **Ownership; Return of Material**: At the completion of the above-styled lawsuit, all parties shall either: (i) destroy all confidential documents and copies thereof obtained from such producing party and provide written certification of such destruction, or (ii) return all such confidential material and copies thereof to the producing party, with the costs of return borne by the returning party.

11. **Modifications to Protective Order**: Any party may seek to have the terms of this Consent Protective Order modified on motion upon due notice to all of the other parties.

12. **Remedies**:

a. **Injunctive and Other Relief**: The parties agree that any violation of this Consent Protective Order will cause irreparable injury to the parties disclosing the confidential material. The parties further agree that each party disclosing the confidential material shall be entitled, in addition to any other rights or remedies he or she may have at law or in equity, to an injunction enjoining and restraining any other party (and/or any person or entity to whom or which any party has disclosed or provided access to the confidential information) from violating, threatening to violate, or continuing to violate this Consent Protective Order. However, the parties disclosing the confidential information, their successors, and assigns may pursue any other remedies available, in addition to injunctive relief,

whether at law or in equity, including the recovery of damages, all of which remedies shall be cumulative and in addition to all other rights, remedies, powers, and privileges of the disclosing parties.

b. **<u>No Impairment</u>**: The confidentiality and nondisclosure restrictions and covenants of this Consent Protective Order and the remedies contained herein shall be in addition to, and shall not supersede or otherwise restrict, limit, or impair, the rights of the disclosing parties under any local, state, or federal law, rule, regulation, or order dealing with or providing a remedy for wrongful disclosure, use, appropriation, or application of trade secrets or proprietary or confidential information.

13. **<u>Inadvertent Disclosure of Privileged Materials</u>:** Any inadvertent or unintentional disclosure by the supplying party of material protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of that party's claim of attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification, any parties that have received copies of any inadvertently produced material to a claim of privilege or immunity shall either (a) promptly return it to the supplying party and destroy any other copies thereof (unless required to maintain the document by subpoena, summons, or other similar process, in which event the receiving party may maintain such document without use or reference thereto, provided that such receiving party must return or destroy it and any copies of it when no longer subject to subpoenas, summons, or the like from third parties and governmental entities, or when it is otherwise permissible to return or destroy the same), or (b) challenge the claim of privilege or immunity with respect to such material by filing an appropriate motion with the Court.

14. **Reservation of Rights**: Nothing in this Order shall prevent any party from disclosing its own information or documents designated as "confidential material" or "confidential – attorneys' eyes only" to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order.

**WE CONSENT:**

*/s/ Sarah E. Sessler*
Sarah E. Sessler
email: Sarah.Sessler@dinsmore.com
Dinsmore
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: 513-977-8679
Facsimile: 513-977-8141
*Attorneys for CRS Capstone Partners LLC*

*/s/ Lance P. Martin*
Lance P. Martin
N.C. State Bar No. 027287
email: lpm@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Trustee*

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

ND:4936-4597-7292, v. 1